UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Hanson

    v.                                         Civil No. 14-cv-132-SM

New Hampshire State Prison,
Literary Review Committee et al.[1]

**REPORT AND RECOMMENDATION**

Plaintiff Michael Hanson, an inmate at the New Hampshire State Prison ("NHSP"), has filed a complaint (doc. nos. 1 and 10), pursuant to 42 U.S.C. § 1983. The complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Also before the court for consideration is plaintiff's motion to amend (doc. no. 9) the complaint to add additional claims and defendants to this action.

---

[1]The defendants named in the complaint are: the New Hampshire State Prison ("NHSP") Literary Review Committee ("LRC"), NHSP Warden Richard Gerry, New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn, DOC Commissioner's Designee Christopher Kench, NHSP Maj. Fouts, whose first name is unknown ("FNU"), NHSP Lt. FNU Masse, NHSP Sgt. FNU St. Peter, NHSP Hearing Officer FNU Hickman, and NHSP Corrections Officer FNU Azzara. The only individual member of the LRC identified in the complaint is LRC Chairperson C.O. FNU Burgh. The court construes the claims for damages asserted against the LRC to be asserted against Burgh in his individual capacity.

**Discussion**

I. **Preliminary Review**

   A. <u>Standard</u>

In determining whether a pro se prisoner's pleading states a claim, the court construes the pleading liberally.  See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

   B. <u>Claims</u>

In his complaint, Hanson asserts the following claims for relief:

> 1.   The NHSP Literary Review Committee ("LRC"); LRC Chairperson Corrections Officer ("C.O.") Burgh, whose first name is unknown ("FNU"); DOC Commissioner William Wrenn; DOC Commissioner Designee Christopher Kench; and NHSP Warden Richard Gerry, by denying Hanson access to a religious text that was mailed to him at the NHSP, violated Hanson's rights under (a) the First Amendment's Free Exercise Clause, and (b) the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et seq. ("RLUIPA").
>
> 2.   Defendants Wrenn, Kench, the LRC, Burgh, and Gerry, by denying Hanson access to two books that were mailed to him at the NHSP, violated Hanson's First Amendment free speech

rights.

3.  Defendants Wrenn, the LRC, Burgh, Kench, Gerry, and NHSP Lt. FNU Masse, by failing to follow prison procedures in rejecting two books that were mailed to Hanson, violated Hanson's Fourteenth Amendment due process rights.

4.  Defendant Masse, by instituting a policy requiring inmates on his housing unit to request grievance forms by filing an Inmate Request Slip ("IRS"), violated Hanson's First Amendment right to petition the government for a redress of grievances.

5.  Defendants Maj. FNU Fouts, Masse, Sgt. FNU St. Peter, and NHSP Hearings Officer FNU Hickman, violated Hanson's Fourteenth Amendment procedural due process rights in a disciplinary proceed against Hanson filed on February 11, 2013, and heard on February 26, 2013.

6.  Defendant C.O. FNU Azzara, and several unidentified C.O.s, by denying Hanson access to his legal papers, and causing him to lose an appeal in the First Circuit, violated Hanson's First Amendment right to access the courts.

C.  Claims to be Served (Claims 1, 2, and 6)

The court finds that three of Hanson's claims: Claim 1 (asserted against defendants LRC, Burgh, Wrenn, Kench, and Gerry), Claim 2 (asserted against defendants LRC, Burgh, Wrenn, Kench, Gerry, and Masse), and Claim 6 (asserted against defendant Azzara[2]), as numbered above, may proceed at this point.

---

[2] Hanson states that there are additional unidentified corrections officers whom he intends to add as defendants to Claim 6, after obtaining their names in discovery.

3

In an Order issued simultaneously with this Report and Recommendation, the court directs service of those claims on the appropriate defendants.

    D.    <u>Failure to Follow Prison Policies (Claim 3)</u>

Hanson alleges, in Claim 3, that defendants violated his federal due process rights by failing to follow established prison procedures in rejecting two books that were mailed to him.  Hanson has no freestanding right to have prison officials follow such policies if the officials' actions are otherwise constitutional.  <u>See</u> <u>McFaul v. Valenzuela</u>, 684 F.3d 564, 579 (5th Cir. 2012) ("An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim."); <u>see also</u> <u>Querido v. Wall</u>, No. 10-098 ML, 2010 U.S. Dist. LEXIS 139201, at *8-*9 (D.R.I. Dec. 8, 2010), <u>report and recommendation adopted</u>, 2011 U.S. Dist. LEXIS 1882 (D.R.I. Jan. 7, 2011).  Hanson can assert no federal claim in this case based on the failure of NHSP officials to follow their own policies, and Claim 3 should be dismissed.

    E.    <u>Right to Petition (Claim 4)</u>

Hanson alleges that Lt. Masse required inmates to fill out an IRS in order to obtain a grievance form.  Hanson generally

alleges that this requirement has interfered with his First Amendment right to petition for a redress of his grievances. Hanson has failed to show that his efforts to grieve any matter were hindered, or how grievance efforts could potentially be hindered, by the IRS requirement. Accordingly, the court finds that Hanson has failed to state a claim alleging a violation of his right to petition, and the claim should be dismissed.

    F.   Due Process in Disciplinary Proceeding (Claim 5)

Lt. Masse filed a disciplinary report against Hanson on February 11, 2013, alleging that Hanson had provided false or misleading information in a grievance form. After a disciplinary hearing on the charge, Hanson was found guilty and sanctioned with: five days in punitive segregation, suspended for ninety days; twenty-five hours of extra duty; twenty-five days loss of recreation; and a ninety-day suspension of canteen privileges. Hanson also alleges that this disciplinary infraction was partially responsible for the denial of Hanson's motion to suspend his sentence in the sentencing court.

Hanson alleges that his federal due process rights were violated during the disciplinary hearing. Specifically, Hanson states that defendants violated his due process rights when: the

investigating officer failed to adequately investigate the incident that was the subject of the disciplinary report, the same individual served as both the prosecuting officer and the hearing officer at Hanson's disciplinary hearing, no complaining witness attended the hearing to be cross-examined, and the hearing officer failed to properly notify Hanson of his appeal rights.

Under Sandin v. Conner, 515 U.S. 472 (1995), in evaluating a due process challenge to a prison disciplinary proceeding, the court must determine if disciplinary penalties "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Nothing in Hanson's allegations suggests that the sanctions at issue exposed him to any atypical or substantial hardship in relation to the ordinary incidents of prison life, or otherwise exceeded the scope of his sentence. Hanson has thus failed to state a claim that he suffered any deprivation of a protected liberty interest as a result of the challenged disciplinary proceedings. Accordingly, Hanson has failed to state a due process claim based on those proceedings, and Claim 5 should be dismissed.

## II. Defendants to Be Dropped

Insofar as Claims 3, 4, and 5, should be dismissed for reasons stated above, the following defendants named in those claims should be dropped from this case because the complaint fails to state a claim for relief against them: Fouts, Sgt. FNU St. Peter, and NHSP Hearings Officer FNU Hickman.

## III. Motion to Amend (Doc. No. 9)

Hanson has filed a motion (doc. no. 9) seeking to amend the complaint to add eight claims to this action. Hanson also seeks to add eleven named defendants, a "John Doe" NHSP Investigations Officer, and multiple "John Doe" C.O.s to the action, who are defendants only to the eight proposed additional claims.

It appears that each of the claims Hanson seeks to add to this action arose after the initial complaint (doc. no. 1) was filed. Accordingly, the motion to amend is more appropriately considered as a motion to supplement the complaint, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

Rule 15(d) allows the court to, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); see

also Connectu LLC v. Zuckerberg, 522 F.3d 82, 90 (1st Cir. 2008). "However, a pleading generally does not become a supplement merely because it references facts that occurred subsequent to the original complaint. Rather, the appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties." Chandler v. United States, CR No. 06-107-01-M, 2011 U.S. Dist LEXIS 141926, at *24-*25 (D.R.I. Dec. 6, 2011) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504 at 177-83 (3d ed. 2010)) (other citation and internal quotation marks omitted).

All of the claims asserted in the motion to supplement the complaint (doc. no. 9) arise out of events that occurred after the original complaint was filed. None of the proposed new claims has anything to do with any of the claims presently before the court in this matter; each new claim arises out of facts and involves legal theories that are distinct from any of the claims asserted in the complaint. Only one defendant named in the original complaint, Maj. Fouts, is a defendant to any of the new claims Hanson seeks to add to this action. In this Report and Recommendation, the court recommends that Fouts be

dropped as a defendant from this case because Hanson has failed to state a claim for relief against Fouts in the complaint. The district judge should therefore deny the motion to supplement (doc. no. 9), without comment on the merits of the claims asserted therein, and without prejudice to Hanson's ability to bring those claims in a new civil case before the court.

### Conclusion

For the reasons set forth in this Report and Recommendation, the district judge should approve this Report and Recommendation and issue the following order:

>  1.    Claims 3, 4, and 5, as identified in the April 2015 Report and Recommendation, are dismissed for failure to state a claim.  Defendants Maj. FNU Fouts, Sgt. FNU St. Peter, and Hearings Officer FNU Hickman are dropped as defendants from this action, as Hanson has not stated any claim for relief against those defendants.
>
>  2.    Hanson's motion to supplement the complaint (doc. no. 9) is denied without prejudice to Hanson's ability to file a new complaint, initiating a separate civil action, asserting those claims.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57

(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                                                                    _/s/ Andrea K. Johnstone_
                                                                                    Andrea K. Johnstone
                                                                                  United States Magistrate Judge

April 13, 2015

cc:  Michael T. Hanson, pro se